Form Date 5/12
TM:EAG
F.#2010R018030

*Gov't Exh #3*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - X

UNITED STATES OF AMERICA                    <u>PLEA AGREEMENT</u>

  - against -                                11 CR 199 (S-1)(CBA)

BENITO LOPEZ-PEREZ,

            Defendant.

- - - - - - - - - - - - - - X

        Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States Attorney's Office for the Eastern District of New York (the "Office") and BENITO LOPEZ-PEREZ (the "defendant") agree to the following:

        1.    The defendant will plead guilty to a lesser-included offense of Count Four of the superseding indictment (the "Indictment") charging a violation of 18 U.S.C. § 1591(a) relating to Jane Doe #1 and Count Twelve charging a violation of 18 U.S.C. § 2421 relating to Jane Doe #3.  The lesser-included offense of Count Four carries the following statutory penalties:

        a.   Maximum term of imprisonment: life (18 U.S.C. § 1591(b)(2)).

        b.   Minimum term of imprisonment: 10 years (18 U.S.C. § 1591(b)(2)).

        c.   Minimum supervised release term: 5 years, maximum supervised release term: life, to follow any term of imprisonment; if a condition of release is violated, the defendant may be sentenced to up to 5 years

without credit for pre-release imprisonment or time previously served on post-release supervision; if the defendant commits any criminal offense under Chapter 109A, 110, or 117, or Title 18, United States Code, Sections 1201 or 1591, for which imprisonment for a term longer than 1 year can be imposed, the defendant shall be sentenced to not less than 5 years and up to the maximum term of imprisonment for the offense, as set forth above in paragraph 1(a) (18 U.S.C. § 3583(b), (e) and (k)).

d.   Maximum fine: $250,000 (18 U.S.C. § 3571(b)(3)).

e.   Restitution: mandatory, in an amount to be determined by the Court (18 U.S.C. §§ 1593, 3663 and 3663A).

f.   $100 special assessment (18 U.S.C. § 3013).

g.   Other penalties: removal, as set forth below in paragraph 14; sex offender registration pursuant to the Sex Offender Registration and Notification Act, 42 U.S.C.A. § 16901 et seq., as set forth below in paragraph 17; and forfeiture in the amount of $70,000, as required by 18 U.S.C. § 1594(d).

Count Twelve carries the following statutory penalties:

a.   Maximum term of imprisonment: 10 years (18 U.S.C. § 2421).

b.   Minimum term of imprisonment: 0 years (18 U.S.C. § 2421).

c.   Minimum supervised release term: 5 years, maximum supervised release term: life, to follow any term of imprisonment; if a condition of release is violated, the defendant may be sentenced to up to 5 years without credit for pre-release imprisonment or time previously served on post-release supervision; if the defendant commits any criminal offense under Chapter 109A, 110, or

3

117, or Title 18, United States Code, Sections 1201 or 1591, for which imprisonment for a term longer than 1 year can be imposed, the defendant shall be sentenced to not less than 5 years and up to the maximum term of imprisonment for the offense, as set forth above in paragraph 1(a)
(18 U.S.C. § 3583(b), (e) and (k)).

d.   Maximum fine: $250,000
(18 U.S.C. § 3571(b)(3)).

e.   Restitution: mandatory, in an amount to be determined by the Court
(18 U.S.C. §§ 3663 and 3663A).

f.   $100 special assessment
(18 U.S.C. § 3013).

g.   Other penalties: removal, as set forth below in paragraph 14; sex offender registration pursuant to the Sex Offender Registration and Notification Act, 42 U.S.C.A. § 16901 et seq., as set forth below in paragraph 17; and forfeiture in the amount of $70,000, as required by 18 U.S.C. § 2428.

The sentence imposed on each count may run consecutively.

2.   The defendant understands that although imposition of a sentence in accordance with the United States Sentencing Guidelines (the "Guidelines" and "U.S.S.G.") is not mandatory, the Guidelines are advisory and the Court is required to consider any applicable Guidelines provisions as well as other factors enumerated in 18 U.S.C. § 3553(a) to arrive at an appropriate sentence in this case. The Office will advise the Court and the Probation Department of information relevant to sentencing, including criminal activity engaged in by the defendant, and such information may be used by the Court in determining the defendant's

4

sentence.  The Office estimates the likely adjusted offense level
under the Guidelines to be level 38, which is predicated on the
following Guidelines calculation:

<u>Count Four: Jane Doe #1</u>

| | |
|---|---|
| Base Offense Level (§ 2G1.3(a)(2)) | 30 |
| Plus: Participant unduly influenced minor to engage in prohibited sexual conduct (§ 2G1.3(b)(2)(B)) | +2 |
| Plus: Offense involved the commission of a sex act (§ 2G1.3(b)(4)) | +2 |
| Plus: Vulnerable Victim (§ 3A1.1(b)(1)) | <u>+2</u> |
| Adjusted Offense Level | 36 |

<u>Count Twelve: Jane Doe #3</u>

| | |
|---|---|
| Base Offense Level (§ 2G1.1(a)(2)) | 14 |
| Plus: Offense involved fraud and coercion (§ 2G1.1(b)(1)) | +4 |
| Plus: Vulnerable Victim (§ 3A1.1(b)(1)) | <u>+2</u> |
| Adjusted Offense Level | 20 |

<u>Pseudo Count: Jane Doe #2</u>

| | |
|---|---|
| Base Offense Level (§ 2G1.3(a)(2)) | 30 |
| Plus: Participant unduly influenced minor to engage in prohibited sexual conduct (§ 2G1.3(b)(2)(B)) | +2 |
| Plus: Offense involved the commission of a sex act (§ 2G1.3(b)(4)) | +2 |

```
Plus: Vulnerable Victim
      (§ 3A1.1(b)(1))                        +2

Adjusted Offense Level                       36
```

Pseudo Count: Jane Doe #4

```
Base Offense Level (§ 2G1.1(a)(2))           14

Plus: Offense involved fraud
      and coercion (§ 2G1.1(b)(1))           +4

Plus: Vulnerable Victim
      (§ 3A1.1(b)(1))                        +2

Adjusted Offense Level                       20
```

Multiple Count Analysis
(§§ 2G1.1(d)(1), 2G1.3(d)(1) and 3D1.4)

| Count | Unit |
|---|---|
| Count Four | 1 |
| Count Twelve | 0 |
| Pseudo Count Jane Doe #2 | 1 |
| Pseudo Count Jane Doe #4 | 0 |
| Total Units | 2 |

```
Highest Offense Level                        36

Level Increase                               +2

Total Adjusted Offense Level                 38
```

If the defendant clearly demonstrates acceptance of responsibility, through allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a), resulting in an adjusted offense level of 36 and a range of imprisonment of 188 - 235, assuming that the

defendant falls within Criminal History Category I.  The government agrees that it will not object to the defendant's request that the sentence imposed by the Court should be reduced by the duration of time that the defendant was incarcerated in Mexico as a result of his extradition to the United States in connection with the above-referenced case.  The defendant stipulates to the above Guidelines calculation, stipulates that he is not eligible for an additional one-level reduction, pursuant to U.S.S.G. § 3E1.1(b), and stipulates that, aside from the above-noted reduction for the duration of time that the defendant was incarcerated in Mexico, he will not in any way advocate a sentence below 188 months' imprisonment, either pursuant to the United States Sentencing Guidelines, consideration of the factors set forth in 18 U.S.C. § 3553 or by any other means.

3.   The Guidelines estimate set forth in paragraph 2 is not binding on the Office, the Probation Department or the Court.  If the Guidelines offense level advocated by the Office, or determined by the Probation Department or the Court, is, for any reason, including an error in the estimate, different from the estimate, the defendant will not be entitled to withdraw the plea and the government will not be deemed to have breached this agreement.

4.   The defendant agrees not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or

any other provision, the conviction or sentence, in the event that the Court imposes a term of imprisonment of 235 months or below. This waiver is binding without regard to the sentencing analysis used by the Court.  The defendant waives all defenses based on the statute of limitations and venue with respect to any prosecution that is not time-barred on the date that this agreement is signed in the event that (a) the defendant's conviction is later vacated for any reason, (b) the defendant violates this agreement, or (c) the defendant's plea is later withdrawn.  The defendant waives any right to additional disclosure from the government in connection with the guilty plea.  The defendant agrees that with respect to all charges referred to in paragraphs 1 and 13(a) he is not a "prevailing party" within the meaning of the "Hyde Amendment," 18 U.S.C. § 3006A note, and will not file any claim under that law.  The defendant agrees to pay the special assessment by check payable to the Clerk of the Court at or before sentencing. The defendant understands that he may be subject to removal as set forth in paragraph 14 below.  Nevertheless, the defendant affirms that he wants to plead guilty and to waive his right to appeal as set forth at the beginning of this paragraph, even if the consequence is the defendant's automatic removal from the United States.

     5.   The defendant acknowledges that he owns property that is subject to forfeiture as a result of his violations of 18

U.S.C. §§ 1591 and 2421, as alleged in the indictment.  The defendant consents to the entry of a forfeiture money judgment in the amount of $70,000 (the "Forfeiture Money Judgment"), to be imposed jointly and severally as to the defendants Benito Lopez-Perez, Anastasio Romero-Perez and Jose Gabino Barrientos-Perez, pursuant to 18 U.S.C. §§ 1594(d)(2) and 2428 and 21 U.S.C. § 853(p), as property, real or personal, constituting or derived from proceeds that he obtained directly or indirectly as a result of his violations of 18 U.S.C. §§ 1591 and 2421, and/or as substitute assets.  All payments made by the defendant toward the Forfeiture Money Judgment shall be made by certified or bank checks, payable to "United States Customs and Border Protection." The defendant shall cause said checks to be sent by overnight mail, Federal Express, or certified mail to Assistant United States Attorney Laura Mantell, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201, with the criminal docket number noted on the face of the checks.

6.   If the Forfeiture Money Judgment is not paid on or before the date on which the defendant is sentenced (the "Final Due Date"), interest shall accrue on any unpaid portion thereof at the judgment rate of interest from that date.  Further, if the defendant fails to pay any portion of the Forfeiture Money Judgment on or before the Final Due Date, the defendant consents

to the forfeiture of any other property up to the amount of the Forfeiture Money Judgment, pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedure Act, or any other applicable law.

7.   The defendant agrees that the above-referenced amount of the Forfeiture Money Judgment represents property which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. §§ 1591 and 2421 and/or substitute assets, and thus is subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 1594(d)(2) and 2428 and 21 U.S.C. § 853(p).   The defendant consents to the entry of a Preliminary Order of Forfeiture pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure forfeiting the above-referenced amount of the Forfeiture Money Judgment.

8.   The defendant agrees to fully assist the government in effectuating the payment of the Forfeiture Money Judgment.   The defendant agrees not to file or interpose any claim or to assist others to file or interpose any claim to any property against which the government seeks to execute the Forfeiture Money Judgment in any administrative or judicial proceeding.

9.   The defendant represents that he has disclosed all of his assets to the United States on the financial statement dated May 20, 2013 and entitled "United States Department of

Justice Financial Statement" (hereinafter, the "Financial Statement"). The defendant agrees that a failure to disclose assets on the Financial Statement constitutes a material breach of this agreement. In addition, the defendant consents to the forfeiture to the United States of all assets in which he has an interest, but failed to disclose on the Financial Statement, if any. Should undisclosed assets which the defendant owns or in which the defendant has an interest be discovered, the defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of said assets. The defendant agrees to execute any documents necessary to effectuate the forfeiture of said assets.

10. The failure of the defendant to forfeit any monies and/or properties as required under this agreement, including the failure of the defendant to execute any document to accomplish same on timely notice to do so, shall constitute a material breach of this agreement. Upon such a breach, the defendant will not be entitled to withdraw the plea, but the Office may bring additional criminal charges against the defendant.

11. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment or information. In addition, the defendant knowingly and voluntarily waives his right, if any, to

a jury trial on the forfeiture of the monies and/or properties forfeited hereunder, and waives all constitutional, legal and equitable defenses to the forfeiture of said assets, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto Clause of the Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

12.   The defendant agrees that the forfeiture of the Forfeiture Money Judgment is not to be considered a fine or a payment on any income taxes that may be due.

13.   The Office agrees that:

a.   no further criminal charges will be brought against the defendant for conspiring to engage in sex trafficking, and sex trafficking, relating to Jane Doe #1, Jane Doe #2, Jane Doe #3, Jane Doe #4 and the individuals called "Yessenia" and "Valentina" (including the conduct charged in Counts One through Eight of the Indictment); conspiring to violate, and violating, the Mann Act relating to Jane Doe #1, Jane Doe #2, Jane Doe #3, Jane Doe #4 and the individuals called "Yessenia" and "Velentina" (including the conduct charged in Counts Nine and Twelve of the Indictment); promoting prostitution (as charged in Count Thirteen of the Indictment); conspiring to smuggle aliens, and the smuggling of Jane Doe #1, Jane Doe #2, Jane Doe #3, Jane Doe #4 and the individuals called "Yessenia" and "Velentina" (including the conduct charged in Counts Fourteen through Twenty of the Indictment); conspiring to import aliens, and the importation of Jane Doe #1, Jane Doe #2, Jane Doe #3, Jane Doe #4 and the individuals called "Yessenia" and "Velentina," for immoral purposes (including the conduct

charged in Counts Twenty-one through Twenty-four of the Indictment); and money laundering conspiracy (as charged in Count Twenty-five of the Indictment), all during the period between December 2007 and October 2010, it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 et seq., and at the time of sentence, it will move to dismiss the remaining counts of the Indictment and the underlying indictment with prejudice;

and, based upon information now known to the Office, it will

   b.   make no motion for an upward departure under the Sentencing Guidelines.

If information relevant to sentencing, as determined by the Office, becomes known to the Office after the date of this agreement, the Office will not be bound by paragraph 13(b). Should it be judged by the Office that the defendant has violated any provision of this agreement, the defendant will not be released from his plea of guilty but this Office will be released from its obligations under this agreement, including but not limited to the provisions of paragraph 13(a)-(b).

   14.   The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including each of the offenses to which the defendant is pleading guilty. Indeed, because the defendant is pleading

guilty to sex trafficking and a violation of the Mann Act,
removal is presumptively mandatory.  Removal and other
immigration consequences are the subject of a separate
proceeding, however, and the defendant understands that no one,
including the defendant's attorney or the District Court, can
predict with certainty the effect of the defendant's conviction
on the defendant's immigration status.  The defendant
nevertheless affirms that the defendant wants to plead guilty
regardless of any immigration consequences that the defendant's
plea may entail, even if the consequence is the defendant's
automatic removal from the United States.

     15.  This agreement does not bind any federal, state,
or local prosecuting authority other than the Office, and does
not prohibit the Office from initiating or prosecuting any civil
or administrative proceedings directly or indirectly involving
the defendant.

     16.  This agreement is conditioned upon the following:
(a) the defendants listed below (the "covered defendants")
entering guilty pleas, pursuant to plea offers dated May 14,
2013, on or before May 20, 2013; and (b) acceptance of those
pleas by a United States District Court Judge at the time of the
plea allocution.  The covered defendants are:

        (i)  Benito Lopez-Perez;
        (ii)  Jose Gabino Barrientos-Perez; and
        (iii) Anastasio Romero-Perez.

14

If fewer than all of the covered defendants satisfy conditions 16(a) and 16(b), or if any of the covered defendants subsequently seeks to withdraw his guilty plea, the Office, in its sole discretion, may elect to void any or all of the covered defendants' plea agreements and proceed to trial.  No covered defendant will have the right to withdraw his guilty plea in any of those circumstances.

        17.   The defendant has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: where he resides; where he is employed; and where he is a student.   The defendant understands that the requirements for registration include providing his name, residence address, and the names and addresses of any places where he is or will be an employee or a student, among other information.   The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of name, residence, employment, or student status.   The defendant has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

18.   Apart from any written proffer agreements, if applicable, no promises, agreements or conditions have been entered into by the parties other than those set forth in this agreement and none will be entered into unless memorialized in writing and signed by all parties.   Apart from any written proffer agreements, if applicable, this agreement supersedes all prior promises, agreements or conditions between the parties.   To

16

become effective, this agreement must be signed by all

signatories listed below.

Dated:      Brooklyn, New York
            May 20, 2013


                              LORETTA E. LYNCH
                              United States Attorney
                              Eastern District of New York

                    By:     _____
                              Elizabeth A. Geddes
                              Assistant United States Attorney


              Approved by:

                              _____
                              Taryn Merkl
                              Supervising Assistant U.S. Attorney


I have read the entire agreement and discussed it with my
attorney. I understand all of its terms and am entering into it
knowingly and voluntarily.

_____
BENITO LOPEZ-PEREZ
Defendant

Approved by:
_____
Counsel to Defendant


Translated by:

_____